UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:01-cr-41-TWP-TAB-04 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GEORGE G. SANCHEZ, JR. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:01-cr-00041-TWP-TAB-4 |
| ) | |
| GEORGE G SANCHEZ, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Pending before the Court is George G Sanchez's ("Mr. Sanchez") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). (Dkt. 91.) Mr. Sanchez seeks immediate release from incarceration because of the Coronavirus. *Id.* For the reasons stated below, his motion is **denied.**

**I. BACKGROUND**

In May 2002, the Court sentenced Mr. Sanchez to 294 months' imprisonment and 5 years of supervised release after he pled guilty to one count of armed bank robbery and one count of brandishing a firearm during a bank robbery. (Dkt. 8 at 5.) Judgment was entered on May 10, 2002. *Id*. An amended judgment was entered on May 23, 2002. *Id.*

On September 16, 2020, Mr. Sanchez filed a *pro se* § 3582 Motion Request for Compassionate Release under the Cares Act, First Step Act, Second Step Act. (Dkt. 88.) Mr. Sanchez also asked the Court to appoint counsel to represent him. (Dkt. 89.) The Court concluded that the Motions did not, on their face, show that Mr. Sanchez was entitled to compassionate release or that the interests of justice supported appointing counsel and denied the motions without

2

prejudice. (Dkt. 90.) The Court informed Mr. Sanchez that he could file a renewed motion by completing and returning the Court's form compassionate release motion. *Id.* On October 28, 2020, Mr. Sanchez submitted a renewed Motion by completing and returning the Court's form compassionate release motion. (Dkt. 91.) That Motion is currently pending before the Court.[1]

## II. **DISCUSSION**

Mr. Sanchez is 43 years old. He is presently incarcerated at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). As of November 5, 2020, the Bureau of Prisons ("BOP") reports that FCI Sheridan has no active COVID-19 case among inmates and one active case among staff; it also reports that 5 inmates at FCI Sheridan have recovered from the virus. https://www.bop.gov/coronavirus/ (last visited Nov. 5, 2020). According to the BOP website, Mr. Sanchez's release date is November 9, 2022.

In his renewed motion, Mr. Sanchez states that he is seeking release because of the COVID-19 pandemic. (Dkt. 91 at 4.) He admits that he has no underlying medical issues but asks the Court to release him because he has served more than 90% of his sentence and because the BOP has been strained in trying to comply with guidelines for handling the COVID-19 pandemic. *Id.* He also states that he fears for his safety due to threats on his life. *Id.*

18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[2] whichever is earlier, may reduce the term of imprisonment

---

[1] The Court concludes that it does not require a response brief from the Government to decide the issues presented by Mr. Sanchez's Motion. The Court also concludes that the interests of justice do not support appointing counsel to represent Mr. Sanchez because the face of his Motion shows that he is not entitled to relief.

[2] Mr. Sanchez states that he submitted an administrative request to his warden more than 30 days ago. (Dkt. 91 at 3.) Thus, the Court may proceed to the merits of his motion.

>(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>**(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*  In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.  While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[3] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C.

---

[3] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies.  *See* 132 Stat. at 5239 (First Step Act § 603(b)).

2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Sanchez is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[4]

---

[4] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A)

Mr. Sanchez does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. *See* Dkt. 91 at 2. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. Mr. Sanchez admits that he does not have any underlying medical conditions. Instead, he bases his motion on the generalized threat that the COVID-19 virus poses. While the Court sympathizes with Mr. Sanchez's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, Dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction). As such, this Court has consistently denied motions for compassionate release from defendants—like Mr. Sanchez—who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a

---

through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Sanchez's Motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

"hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). FCI Sheridan is also not a current hotspot for COVID-19 infections, making Mr. Sanchez's situation even less extraordinary and compelling than cases in which the Court has denied relief.

To the extent that Mr. Sanchez is complaining about the way that the BOP has handled the COVID-19 pandemic, the result does not change. Such complaints could conceivably support an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or a claim for injunctive relief. Given the availability of alternative relief, such complaints do not constitute an extraordinary and compelling reason warranting a sentence reduction.

Finally, the Court acknowledges that Mr. Sanchez reports that his life is threatened and that he fears for his safety. Again, if Mr. Sanchez believes that the BOP is not adequately protecting him, he might wish to consider filing a *Bivens* action or a claim for injunctive relief in the district of incarceration. But Mr. Sanchez has not presented an extraordinary and compelling reason warranting release.

Given the Court's determination that Mr. Sanchez has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

### III. CONCLUSION

For the reasons stated above, Mr. Sanchez's Motion for compassionate release, (Dkt. [91]), is **DENIED**.

**SO ORDERED.**

Date: 11/9/2020

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

7

DISTRIBUTION:

George G Sanchez, Jr., Reg. No. 16647-112
Federal Correctional Institution
P.O. Box 5000
Sheridan, Oregon  97378

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov